**Electronically Filed
Intermediate Court of Appeals
30414
30-NOV-2011
08:50 AM**

NO. 30414

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
SIONE TALI TAUMOEPEAU, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-1741)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Sione Tali Taumoepeau (Taumoepeau) appeals from the March 3, 2010 judgment of conviction and sentence of the Circuit Court of the First Circuit (circuit court).[1] Taumoepeau was convicted on one count of Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2010), and sentenced to incarceration for five years.

Taumoepeau argues that the circuit court violated Rule 48 of the Hawai'i Rules of Penal Procedure (HRPP) and the U.S. and Hawai'i Constitutions, because trial was held 820 days following his arrest. He also argues that his trial counsel was ineffective for failing to file a motion to dismiss for lack of a speedy trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Michael A. Town presided.

the arguments advanced and the issues raised by the parties, we resolve Taumoepeau's points on appeal as follows and affirm the conviction.

(1) The circuit court did not commit plain error by not dismissing the charges under HRPP Rule 48(b), given that Taumoepeau did not file a motion to dismiss under that rule. "Rule 48(b), by its terms, can be invoked only by a motion to dismiss made by the defendant." State v. McDowell, 66 Haw. 650, 651, 672 P.2d 554, 555-56 (1983). Accordingly, the circuit court lacks authority to dismiss *sua sponte* the charges against Taumoepeau based on Rule 48. See id.

(2) Taumoepeau's right to a speedy trial under the Sixth Amendment of the U.S. Constitution and article I, section 14 of the Hawai'i Constitution was not violated.

Taumoepeau and the State agree that we should apply the test given in Barker v. Wingo, 407 U.S. 514 (1972). See also State v. Almeida, 54 Haw. 443, 447, 509 P.2d 549, 551-52 (1973) (adopting the Barker test). Under Barker, we consider four factors in determining whether a trial was timely: "(1) length of delay; (2) the reasons for the delay; (3) the defendant's assertion of his or her right to speedy trial; and (4) prejudice to the defendant." State v. White, 92 Hawai'i 192, 201-02, 990 P.2d 90, 99-100 (1999).

The State concedes that the Barker inquiry was triggered by the 820-day delay in starting trial.

As to the second Barker factor, although Taumoepeau conceded in his opening brief that the second Barker factor weighed against him, he asserts in his reply brief that this factor "may weigh" in his favor. The State argues this factor can be equally weighed for or against Taumoepeau. The Hawai'i Supreme court has acknowledged that "different weights should be assigned to different reasons for the delay in bringing an accused to trial." State v. Wasson, 76 Hawai'i 415, 420, 879 P.2d 520, 525 (1994) (internal quotation marks omitted). Taumoepeau's delays were attributable to his failure to appear

and his request for a continuance. The State concedes responsibility for some delays caused by the absence of its witness Officer John Locey (Ofr. Locey) and court congestion. The Hawai'i Supreme Court and the U.S. Supreme Court has considered court congestion as a "more neutral reason" for trial delay than deliberate attempts to hinder the defense and should accordingly "be weighted less heavily." Wasson, 76 Hawai'i at 420, 879 P.2d at 525 (quoting Barker, 407 U.S. at 531) (internal quotation marks omitted). Moreover, there is nothing to suggest that Ofr. Locey's absence was a deliberate attempt to hinder the defense's case. Accordingly, this factor does not weigh in Taumoepeau's favor.

Taumoepeau concedes the third factor weighs against him because he never asserted his right to a speedy trial.

In evaluating the fourth Barker factor, courts look at the purpose of the constitutional right to a speedy trial: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Wasson, 76 Hawai'i at 421, 879 P.2d at 526 (quoting Barker, 407 U.S. at 532) (internal quotation marks omitted).

Taumoepeau concedes that the first interest is inapplicable because Taumoepeau was out on bond for a substantial period before trial. He maintains the second interest weighs in his favor "because the length of [the] delay alone increased his anxiety." The supreme court has said that some anxiety can be assumed but "something more than a bare assertion of disquietude is generally required before this form of prejudice will weigh in favor of the accused." Wasson, 76 Hawai'i at 422, 897 P.2d at 527. Taumoepeau does not present any evidence of "something more."

Taumoepeau claims that he was prejudiced because he was prevented from calling Moesolo Tuiloma (Tuiloma), who had died before trial, as a witness. Taumoepeau does not make an offer of proof regarding Tuiloma's testimony, nor does he indicate when

Tuiloma passed away. Had Tuiloma died during the delay, that would weigh in favor of Taumoepeau. See White, 92 Hawaiʻi at 205, 99 P.2d. at 103. However, Taumoepeau did not list Tuiloma in his naming of witnesses filed May 12, 2008, when a trial would have been timely, even according to Taumoepeau's analysis. We thereby infer that either Taumoepeau did not consider Tuiloma to be a material witness or he had already died, making the subsequent delay irrelevant.

Taumoepeau claims that the delay prejudiced him because it affected other witnesses' testimony at trial. He claims Ofr. Locey "was vague on details and could not remember a large portion of the events" and that his own witness Jerome Lauina (Lauina), Tuiloma's uncle, "testified inconsistently and again specifically gave conflicting information about where he and other people were sitting in relation to [Taumoepeau]." However, Taumoepeau does not cite specific inconsistencies present in Lauina's testimony or important details Ofr. Locey was unable to remember.

The one detail that Ofr. Locey could not remember that Taumoepeau cites in his brief--whether anyone else was seated at the table with Taumoepeau when Ofr. Locey arrived on scene after Officer David Lacuata (Ofr. Lacuata) to photograph and recover evidence--was testified to by Ofr. Lacuata. Taumoepeau does not demonstrate that had trial occurred earlier, Ofr. Locey would not have corroborated Ofr. Lacuata's testimony. The inconsistencies are pronounced when Lauina's testimony is compared with Ofr. Lacuata's, and is less likely attributable to fading memory caused by the delayed trial and more likely to the witnesses' relative credibility. Taumoepeau's arguments on appeal fail to demonstrate that there was actual prejudice caused by the delay. Therefore, the fourth Barker factor weighs against Taumoepeau.

Given that the last three factors do not weigh in Taumoepeau's favor, he can rely only on the first Barker factor. Although where there is an "exceedingly long delay" between arrest and trial, "the presumption of evidentiary prejudice may

become so strong that, if not 'persuasively rebutted' by the prosecution, it will entitle the accused to relief, even absent specifically demonstrable prejudice[,]" the delay must not be "caused nor acquiesced in by the accused." Wasson, 76 Hawai'i at 422, 879 P.2d at 527 (citing Doggett v. United States, 505 U.S. 647, 657-58 (1992)). Taumoepeau cites no authority that an 820-day delay, much of which can be attributed to Taumoepeau himself, can serve as the basis for relief in the absence of other factors weighing in his favor. Applying Barker, Taumoepeau's constitutional rights were not violated.

(3) Taumoepeau did not meet his burden of showing that the trial counsel was ineffective for failing to move for dismissal under HRPP Rule 48. "Customarily, a HRPP Rule 40 hearing is the proper method to address ineffective assistance of counsel claims." State v. Libero, 103 Hawai'i 490, 507, 83 P.3d 753, 770 (App. 2003), abrogated on other grounds by State v. Frisbee, 114 Hawai'i 76, 83, 156 P.3d 1182, 1189 (2007). However, ineffective assistance of counsel claims can be entertained for the first time on appeal where the "record is sufficiently developed to determine whether there has been ineffective assistance of counsel[.]" State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592 (1993). The proper standard for claims of ineffective assistance of counsel on appeal is whether, "viewed as a whole, the assistance provided was within the range of competence demanded of attorneys in criminal cases." Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994) (internal quotation marks, citation, and brackets omitted). "[M]atters presumably within the judgment of counsel, like trial strategy, will rarely be second-guessed by judicial hindsight." State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998) (internal quotation marks and citation omitted). The defendant has the burden of establishing ineffective assistance of counsel. State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003).

The record in this case is inadequate, to determine the reasons for delay, to determine whether Taumoepeau consented to

5

the delay and whether that consent might have been given by counsel for tactical reasons. Because Taumoepeau failed to demonstrate that his trial counsel's failure to move for dismissal under HRPP resulted in the "withdrawal or substantial impairment of a potentially meritorious defense[,]" his ineffective assistance of counsel claim fails. Wakisaka, 102 Hawai‘i at 514, 78 P.3d at 327 (quoting State v. Aplaca, 74 Haw. 54, 67, 837 P.2d 1298, 1305 (1992)) (internal quotation marks omitted).

Therefore,

IT IS HEREBY ORDERED THAT the March 3, 2010 judgment of conviction and sentence of the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai‘i, November 30, 2011.

On the briefs:

Cynthia A. Kagiwada,
for Defendant-Appellant.

Chief Judge

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge